HAZEL BANAS, Plaintiff, *v.* NEW YORK TELEPHONE COMPANY, Defendant.

Supreme Court, Special Term, Oneida County, November 7, 1942.

*Howard J. Blaugrund* for plaintiff.

*Miller, Hubbell & Evans* for defendant.

SEARL, J. Defendant moves to strike out the item of twenty dollars from plaintiff's proposed bill of costs, the item being for making and serving amendments to the case. Defendant's objections to allowance of the item are that the amendments are not material, but are trivial.

Counsel for the plaintiff argued that the appellant, if successful, is entitled to tax twenty dollars for preparing the case and that likewise the respondent, if successful, should be entitled to the same costs for work in examining the proposed record, provided proposed amendments are offered in the usual formal way.

Examination of the proposed amendments indicates that some corrections relate to typographical errors only. However, amendment No. 4 changes the word " step " to the word " stop." Such a change can be considered material. Provided

an attorney for a respondent takes the time to compare a record, the court believes that the item allowed for an amendment, providing the same is formally served, should be allowed. Ten corrections in the amendments in the instant case were proposed. It is in the interest of good practice that the records be placed in the hands of the Appellate .Division as nearly correct, grammatically and otherwise, as is possible.

The case of *Cramer* v. *Perine* (202 N. Y. Supp. 325; modfd., 212 App. Div. 849) has been called to the court's attention. The facts there differ somewhat from those in the instant case. In the *Cramer* case the defendant had appealed to the Court of Appeals. The case was stricken from the preferred calendar and it was then discovered that there had been no judgment entered upon the order of the Appellate Division. The attorney for the plaintiff entered the judgment and attached a copy to the record in the Court of Appeals as an amendment thereto. The appeal was dismissed and plaintiff taxed costs, including the item of twenty dollars on the theory that it was an amendment to the case.

Section 1504 of the Civil Practice Act has reference to proceedings in the trial court to settle a case on appeal as defined by rule 234 of the Rules of Civil Practice. The record on appeal consists of a copy of the judgment roll to which shall be attached the case or bill of exceptions if the same is to be used in the Appellate Division.

In the *Cramer* case, if anything was amended it was the judgment roll, in which case there was no authority for allowance of the twenty-dollar item for making and serving amendments to the case. The *Cramer* case is readily distinguishable.

An order may be prepared permitting the item as taxed without costs of this motion.